IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| AINSWORTH TRUCK LEASING, LLC | § | Case No. 21-21142 |
| *Debtor* | § | |
| | § | CHAPTER 11 |

## ALLEGIANCE BANK'S EMERGENCY MOTION FOR ENTRY OF ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

**THIS IS AN EMERGENCY MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**THERE WILL BE AN INITIAL HEARING ON WEDNESDAY, JUNE 16, 2021 AT 2:00 P.M. THE INITIAL HEARING WILL BE TELEPHONIC. PARTIES IN INTEREST MUST CONSULT JUDGE DAVID R. JONES' PROCEDURES (AVAILABLE ON THE COURT'S WEB SITE) FOR DIALING INSTRUCTIONS.**

TO THE HONORABLE DAVID R. JONES, UNITED STATES BANKRUPTCY JUDGE:

ALLEGIANCE BANK, successor by merger to POST OAK BANK, N.A. (hereinafter "Movant"), presents this Motion for Entry of Order Granting Relief from the Automatic Stay, as follows:

## I.  SUMMARY

1.      The debtor-in possession, Ainsworth Truck Leasing, LLC ("Debtor"), owns certain trucks and equipment (hereinafter "Collateral") which is encumbered by validly perfected and unavoidable, first priority liens in favor of Movant.  This Motion seeks relief from the automatic stay as to all remaining Collateral in which it has a first priority lien for cause, including, *inter alia*, the continued depreciation of the truck and equipment for which Movant is receiving no adequate protection.

## II.  JURISDICTION AND VENUE

2.      Debtor filed a Voluntary Petition in bankruptcy on May 19, 2021 under Chapter 11 of the United States Bankruptcy Code.

3.      This Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1334, and 11 U.S.C. § 362.  Venue of this bankruptcy case is proper pursuant to 28 U.S.C. § 1408 and 1409.

4.      Movant makes this Motion pursuant to Bankruptcy Rules 4001, 9013, and 9014 to obtain relief from the automatic stay of 11 U.S.C. § 362(d).

## III.  BACKGROUND

5.      Debtor pledged the collateral as security for a note issued by Debtor and two notes issued by an affiliated entity of Debtor, Ainsworth Manufacturing, LLC.

6.      Debtor filed a Voluntary Petition in Bankruptcy on February 7, 2019 under Chapter 11 of the United States Bankruptcy Code (Case No. 19-20061).  During that case, Debtor defaulted by not making timely Adequate Protection Payments per the Allegiance

2

Bank's *Agreed Order Conditioning Automatic Stay* signed on May 12, 2020; and failed to file a feasible plan on or before the agreed-upon extended May 10, 2021 deadline per the Court's subsequent Scheduling Order.  The case was subsequently dismissed on May 13, 2021.

7.      Instead of surrendering Allegiance Bank's Collateral, Debtor filed a Voluntary Petition in bankruptcy on May 19, 2021 under Chapter 11 of the United States Bankruptcy Code.  As of the date of filing, the principal amounts due on the three (3) aforementioned notes was $1,287,391.86.   A breakdown of the current balance owed as of May 19, 2021is as follows:

|                   |                 |
|-------------------|-----------------|
| Loan 70099210     | $ 276,016.85    |
| Loan 70099738     | $ 295,338.26    |
| Loan 70010031     | $ 716,036.75    |
| **Total Balance** | $ 1,287,391.86  |

An appraisal conducted as of April 13, 2021 valued Movant's remaining Collateral at only $1,112,700.00 (FMV) and $655,500.00 (OLV).  See **Exhibit "A"** attached and incorporated by reference.  *Ad valorem* taxes assessed exceed $70,000.00.    Movant's claim exceeds $1,287,391.86.  **See Exhibit "B"** attached and incorporated by reference.  Movant holds valid perfected prior liens on the Collateral described in **Exhibit "A"**.  *See **Exhibits "C" and "D"*** attached and incorporated by reference.

8.      Debtor's affiliate, Ainsworth Trucking LLC owes Debtor more than $1,000,000.00 in unpaid account receivables for use of Movant's Collateral leased by Debtor to Ainsworth Trucking, LLC.  Debtor is not performing its contractual obligations to Movant, is not paying its debt nor the *ad valorem* taxes assessed on the Collateral.  Debtor continues

to use the Collateral in its business.  Debtor has not offered adequate protection.  Debtor's continued operation is not feasible.

9.      Movant has been deprived of its ability to foreclose its security interest in its Collateral and to repossess the Collateral.  Movant's interest in the Collateral is not adequately protected.

### IV.  REQUEST FOR RELIEF

10.     Movant requests that the automatic stay of 11 U.S.C. § 362(a) be lifted and modified to permit Movant, or its successors or assigns, to exercise any and all non-bankruptcy rights to the Collateral including, but not limited to, repossessing and foreclosing its security interest in its Collateral.

11.     A motion to lift the stay imposed by Code section 362(a) is governed by Code section 362(d). Section 362(d) reads in relevant part:

> "(d)   On request of a part in interest and after notice and a hearing, the court shall grant relief form the stay provided under subsection (1) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1)     for cause, including the lack of adequate protection of an interest in property of such party in interest;"  11 U.S.C. § 362(d).

12.     Pursuant to section 362(d) a party may move for relief from the stay for "cause" under section 362(d)(1). What constitutes 'cause' for the lifting of the stay pursuant to Section 362(d)(1) is not defined in the Bankruptcy Code. Whether cause exists must be determined on a case by case basis based on an examination of the totality of circumstances." *In re WGMJR, Inc.,* 435 B.R. 423, 432 (Bankr. S.D. Tex. 2010).

13.     In this case, cause exists to lift the stay because Movant's interest in the personal property at issue is not adequately protected.  The equipment and trucks continue to depreciate rapidly and deteriorate as same continues to be used by Debtor and some sits idle; Debtor has not offered Movant any adequate protection; Debtor is not paying ad valorem taxes on the

Collateral, which continue to accrue and Debtor is not contributing to any escrow for payment of ad valorem taxes.

14.     Cause further exists because of : (a) lack of transparency between Debtor and its affiliates (customer) of Debtor; (b) Non-bankrupt Ainsworth Trucking's refusal and/or inability to pay the sums it owes Debtor for use of the Collateral; and (c) the automatic stay has previously terminated in Debtor's prior case as to Allegiance Bank; and, (d) Debtor failed to comply with the Court's Order requiring that Debtor "...surrender all of the Collateral to Movant within five (5) days of termination of the automatic stay at 4599 N. Highway 77 Business, Robstown, Texas 78380..." (DN 71, Case No. 19-20061)

15.     In the alternative to lifting the stay, Movant requests that an order be entered requiring Debtor to provide satisfactory adequate protection to Movant.

## EMERGENCY RELIEF

16.     Movant respectfully requests emergency consideration of this Motion in accordance with Local Rule 9013-1. As described, since March, 2021, Debtor failed to comply with the Court's Agreed Order to surrender Movant's Collateral, which was and remains in the possession of and is being utilized by a non-debtor entity which is not paying for it, and without any documentation of any purported lease thereof, without adequate protection or agreement. Prompt consideration of this Motion will, in all probability, lead to prompt relief or agreement, but, based on prior history with Debtor, one thing is certain - nothing will happen until a hearing is imminent. Meanwhile, a non-debtor with whom Movant has no contractual relationship continues to possess, utilize and benefit from the Collateral, without paying for it.

## V.  CONCLUSION & PRAYER

17.     For these reasons, and the other reasons set forth herein, the automatic stay should be lifted as to the Collateral.

18.     By reason of the foregoing, good cause exists to lift the automatic stay of 11 U.S.C. § 362(d), permitting Movant to take possession of and foreclose on the Collateral.

WHEREFORE, Movant requests that the Court consider and enter an order granting the relief requested in this Motion, and for all other relief to which this Court determines Movant is entitled to at law or in equity.

Date:  May 20, 2021

Respectfully submitted,

By:   /s/ Ted L. Walker
Ted L. Walker
State Bar No. 20733100

OF COUNSEL:

THE WALKER FIRM
125 North Main
P. O. Box 62
Jasper, Texas  75951
twalker@walker-firm.com
(409) 384-8899
(409) 384-9899 (Facsimile)
*Attorneys for Creditor Allegiance Bank*

## Certificate of Compliance with BLR 4001

Movant certifies that Movant has complied with Bankruptcy Local Rule 4001.

/s/ Ted L. Walker
Ted L. Walker

## CERTIFICATE OF CONFERENCE

The undersigned certifies that prior to the filing of this Motion he repeatedly spoke with counsel for the Debtor, Christopher Adams, and spoke again on May 19, 2021 and also sent emails regarding the filing of this motion and engaged in efforts to reach an agreement.

/s/ Ted L. Walker
Ted L. Walker

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on all parties as required by Local Rule 9013 and as listed below, by United States Mail, first class postage prepaid, and/or by ECF filing e-mail, on May 20, 2021.

**Debtor and Debtor's Counsel**
Christopher Adams
Okin & Adams LLP
1113 Vine Street, Suite 240
Houston, Texas 77002
cadams@okinadams.com
roconnor@okinadams.com
*(Attorneys for Debtor)*

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Nueces County
c/o Diane W. Sanders
Linebarger Goggan Blair et al
PO Box 17428
Austin, Texas 78760

Nueces County Tax A/C
901 Leopard, Suite 301
Corpus Christi, TX 78401

Caterpillar Financial Services
2120 West End Ave
PO Box 34001
Nashville, TN 37203-0001

Bank of Odem
PO Box 726
Odem, Texas 78370

Kleberg Bank NA
c/o Lisa C. Fancher
Fritz Byrne Head & Gilstrap, PLLC
221 West 6th St, Ste 960
Austin, Texas 78701

Ainsworth Truck Leasing, LLC
PO Box 10182
Corpus Christi, Texas 78490
Debtor

U. S. Trustee
606 N Carancahua
Corpus Christi, Texas 78401
*(U. S. Trustee)*

Andrew Jimenez
US Department of Justice
Office of the US Trustee
606 N Carancahua, Ste 1107
Corpus Christi, Texas 78401
andrew.jimenez@usdoj.gov

Prosperity Bank
101 South Main Street
Victoria, Texas 77901

Regions Commercial Finance
c/o Rudy J. Cerone, Esq.
McGlinchey Stafford, PLLC
601 Poydras Street, 12th Floor
New Orleans, LA 70130

Wells Fargo Equipment Finance
c/o Robert L. Barrows
Warren, Drugan & Barrows. PC
800 Broadway
San Antonio, Texas 78215


    */s/ Ted L. Walker*
    Ted L. Walker